UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| | : | 3:07cr289(JCH), |
| | : | 3:08cr233(JCH) |
| v. | : | |
| | : | |
| ISNI GJURAJ | : | DECEMBER 27, 2019 |

**RULING ON FIRST STEP ACT MOTION FOR IMMEDIATE RELEASE OR RESENTENCING (DOC. 1111)**

**I.   INTRODUCTION**

Defendant Isni Gjuraj ("Gjuraj") has moved for a reduced sentence under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). See First Step Act Motion for Immediate Release or Resentencing ("First Step Act Mot.") (Doc. No. 1111); Memorandum in Support of First Step Act Motion ("First Step Act Mem.") (Doc. No. 1121). The First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010 and empowers district courts to "impose a reduced sentence" as if the Fair Sentencing Act had been "in effect at the time of the covered offense." § 404, 132 Stat. at 5222.

For the reasons discussed below, the court concludes that Gjuraj is eligible for relief under the First Step Act and, although it has not determined, at this time, to lower Gjuraj's sentence, will hold a plenary resentencing hearing.

**II.   BACKGROUND**

In 2008, Gjuraj was indicted, with numerous others, on several counts related to a conspiracy to distribute cocaine base ("crack cocaine"). See Indictment (Doc. No. 1), No. 07-cr-289; Second Superseding Indictment (Doc. No. 207), No. 07-cr-289. The Second Superseding Indictment charged Gjuraj with, inter alia, retaliating against a

witness, victim, or informant (Count Two) and conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count Four).  See Second Superseding Indictment.  Following a Plea Agreement (Doc. No. 716), Gjuraj was sentenced, on August 5, 2009, to 320 months' imprisonment on each Count Two and Count Four, to run concurrently.  See Judgment (Doc. No. 753), No. 07-cr-289.  The same day, Gjuraj was sentenced in a separate case, which charged him with Hobbs Act robbery in violation of section 1951 of title 18 of the United States Code.  See United States v. Gjuraj, No. 08-cr-233.  The court imposed a sentence of 240 months on the robbery count, to run concurrently with the sentence on the conspiracy and retaliation counts.  See Judgment (Doc. No. 20), No. 08-cr-233.

Gjuraj appealed the sentence.  See U.S. v. Gjini, 419 Fed. App'x. 4 (2d Cir. 2011).  The Second Circuit concluded that the 320-month sentence on Count Two, for witness retaliation, was erroneous, as the statutory maximum sentence at the time Gjuraj committed the offense was twenty years.  Gjini, 419 Fed. App'x. at 6.  However, the Second Circuit declined to correct the error.  Id.  Because Gjuraj received a concurrent 320-month sentence on the conspiracy count, he could not show that the error on the retaliation count "affected his substantial rights or the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotation omitted).

In October 2019, having served 162 months with credit for good time, Gjuraj moved this court for a reduced sentence following a resentencing hearing.  See First Step Act Mot. at 1; First Step Act Mem. at 14.  The government opposes that Motion, arguing that the Sentencing Guidelines have not changed with respect to that quantity of crack cocaine and that the facts underlying the conviction, which have not changed,

support the 320-month sentence. See Response to Defendant's Motion for Immediate Release or Resentencing Under the First Step Act of 2018 ("Gov't Response") (Doc. No. 1130) at 3, 5-6.

### III.    DISCUSSION

    A.    Relief under the First Step Act

As several other courts in this District have explained, and as this court stated in United States v. Soto, No. 09-cr-23 (D. Conn. Oct. 9, 2019), the First Step Act of 2010 allows "[a] court that imposed a sentence for a covered offense [to] . . . impose a reduced sentence" as if the Fair Sentencing Act of 2010 were in effect at the time that offense was committed. § 404(b), 132 Stat. at 5222; see also Ruling (Doc. No. 1830), United States v. Soto, No. 09-cr-23 (D. Conn. Oct. 9, 2019).  The Fair Sentencing Act of 2010, which was enacted in response to the widespread criticism of the disparities in sentencing between crack-cocaine and powder-cocaine offenses, increased the threshold quantities of crack cocaine required to trigger enhanced penalties in order to reduce those sentencing disparities. See  Dorsey v. U.S., 567 U.S. 260, 269 (2012); United States v. Allen, 384 F. Supp. 3d 238, 240 (D. Conn. 2019).

A "covered offense" under the First Step Act, as discussed in this court's Ruling in Soto, is defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and which was committed before the Fair Sentencing Act was enacted. § 404(a), 132 Stat. at 5222.  Because Section 2 of the Fair Sentencing Act amended section 841(b)(1)(A)(iii) of title 21 of the United States Code,  see Pub. Law 111-220; 124 Stat. 2372, offenses under section 841(b)(1)(A)(iii) are considered "covered offenses" under the First Step

Act.  Gjuraj was sentenced, on Count Four, for conspiracy with intent to distribute 50 grams or more of crack cocaine in violation of sections 841(a)(1), (b)(1)(A)(iii), and 846 of title 21 of the United States Code.  See Judgment.   At the time of sentencing, as discussed, the statutory minimum sentence on Count Four was ten years. See 21 U.S.C. § 841(b)(1)(A)(iii) (2009).  The Fair Sentencing Act increased the drug amounts triggering that mandatory minimum from 50 grams to 280 grams.  See Dorsey v. U.S., 567 U.S. 260, 269 (2012);  21 U.S.C. 841(b)(1)(B)(iii) (2010) (imposing a ten-year mandatory minimum for crimes involving 280 grams or more of crack cocaine, but a five-year mandatory minimum "[i]n the case of a violation . . . involving . . . 28 grams or more of a . . . cocaine base.")  Therefore, the offense in Count Four is a "covered offense" under the First Step Act, and this court may impose a reduced sentence on that count as if the Fair Sentencing Act of 2010 were in effect at the time of the offense.

Further, for the reasons discussed in this court's Ruling in Soto, it is the view of this court—and other courts in this District—that the First Step Act, a remedial statute, entitles Gjuraj to a plenary resentencing on all counts.  See Soto at 12-13; see also United States v. Broadnax, No. 3:16-cr-317 (SRU), (Doc. No. 346) (D. Conn. Mar. 7, 2019); United States v. Medina, No. 3:05-cr-58 (SRU), 2019 WL 3769598 (D. Conn. July 17, 2019), reconsideration denied, United States v. Medina, No. 3:05-CR-58 (SRU), 2019 WL 3766392 (D. Conn. Aug. 9, 2019).  This view is supported by the statutory text of section 404 of the First Step Act, which does not restrict a court's ability to impose a reduced sentence to "only" the covered offense, but rather empowers a court to impose a reduced sentence, period.  Medina, 2019 WL 3769598 at *5.  Further, considering the entire sentence is consistent with the First Step Act's remedial purpose

4

and with the rule of lenity.  Finally, plenary resentencing best reflects the trial court's traditional approach to sentencing, under which "a court considers and imposes an aggregate sentence on all counts of conviction, rather than determining a specific sentence on each count."  See Soto at 7.  Therefore, the court concludes that Gjuraj is entitled to a plenary resentencing on both Count Four, for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and Count Two, for witness retaliation.

      B.      Considerations at resentencing

Pursuant to its reasoning in Soto and the views of other courts in this District, the court will schedule a resentencing hearing.  The court has not yet determined whether it will impose a new, lower sentence on Gjuraj's crack-cocaine conspiracy charge, Count Four.  As discussed above, the Fair Sentencing Act increased the statutory quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence.  See 21 U.S.C. 841(b)(1)(B)(iii) (2010) (imposing a ten-year mandatory minimum for crimes involving 280 grams or more of crack cocaine, but a five-year mandatory minimum "[i]n the case of a violation . . . involving . . . 28 grams or more" of crack cocaine)   Further, the Sentencing Guidelines have been updated.  Compare Sentencing Guidelines § 2D1.1 (2009) (setting an offense level of 38 for 4.5 kilograms of crack cocaine), with Sentencing Guidelines § 2D1.1 (2018) (setting an offense level of 38 for a quantity of 25.2 kilograms of crack cocaine).

Further, the court understands that a 320-month sentence on Count Two, for retaliation against a witness, is plain error. U.S. v. Gjini, 419 Fed. App'x. 4, 6 (2d Cir. 2011).  As the Second Circuit explained, at the time of sentencing, the maximum

statutory sentence on that count was 240 months. Id. This court cannot impose an illegal sentence on Count Two. Therefore, should the court resentence on Count Four, it will issue an Amended Judgment on both Counts, and it would expect to impose a lawful sentence on Count Two. The court will await argument on resentencing in order to make its final decision. The court has not yet determined whether it will amend Gjuraj's sentence.

## IV.    CONCLUSION

For the reasons discussed above, Gjuraj's Motion for a reduced sentence following a resentencing hearing pursuant to the First Step Act (Doc. No. 1111) is **GRANTED in part.** The request for a hearing is granted, and the court will determine whether to impose an amended sentence pursuant to the First Step Act following argument at resentencing. The Clerk shall schedule a resentencing hearing.

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of December, 2019.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge